IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BPNC, Inc.,                                                              Case No. 3:05CV7058

           Plaintiff

      v.                                                         ORDER

Impact Distribution, Inc.,

           Defendant

      This is a suit by BPNC, Inc., an Ohio manufacturer of "zippers," which are flavored alcohol gelatin shots, against a California corporation, Impact Distribution, Inc., which distributed plaintiff's product. The parties entered into negotiations for BPNC to sell its assets to Impact. In conjunction with those negotiations, Impact signed a confidentiality agreement. In that agreement, Impact agreed not to use or disclose information that it obtained during the course of the negotiations from BPNC.

      The assert sale did not go forward. The parties signed a release and settlement agreement. One of the terms of that agreement [which is confidential, and has not been disclosed to the court] is that any disputes relating to such document shall be adjudicated in the state courts of California.

      In its complaint, BPNC alleges that Impact has breached the confidentiality agreement. It asserts causes of action for breach of contract and misappropriation of trade secrets.

      Pending is a motion by BPNC to compel discovery. The discovery which BPNC seeks relates to:

      1) persons who have purchased Impact's products [Int. No. 2, Request No. 1];

  2) persons who have worked for Impact and been involved in the production and distribution of its products [Int. No. 5];

  3) purchase orders received by Impact [Request No. 7];

  4) Impact's sales volume and margin data {Request No. 8];

  5) whether Impact ever offered to purchase BPNC [Int. No. 13]; and

  6) the terms and conditions of any such offer [Int. No. 14].[1]

In response to the motion to compel, Impact contends that this court is without jurisdiction because plaintiff's suit arises out of the settlement agreement, rather than a free-standing confidentiality agreement. Impact has not, however, submitted a copy of the settlement agreement [which, though confidential by agreement of the parties, could be submitted under seal on further agreement (I assume BPNC would not object to such submission)].

  The confidentiality agreement which plaintiff seeks to enforce is an independent agreement. It relates to information provided during the course of unsuccessful negotiations. Plaintiff does not appear to contend that a provision of the settlement and release [whatever those provisions may have been] was breached.

  Absent a showing, which Impact has not made, that the settlement agreement encompasses the confidentiality agreement, and that the forum selection clause of the settlement agreement relates as well to the confidentiality agreement, that clause does not affect BPNC's ability to sue on the confidentiality agreement in this court.

---

[1] BPNC states that Impact has refused to comply with other requests for discovery, but has indicated that it would respond once a protective order has been signed. The parties shall forthwith enter into such order; if they cannot do so by agreement, they shall file their alternative proposals by 3:00 p.m., Monday, February 13, 2006.

With regard to the merits of the discovery request [to which Impact has not responded], I note, as a general guideline, that I am inclined to grant the discovery which BPNC seeks, despite the highly confidential nature of that information. Apparently during the abortive negotiations BPNC broadly disclosed its customer lists, information about current and planned products, and other proprietary information to Impact. The only way to ascertain whether Impact breached the confidentiality agreement is to look equally deeply and broadly into its books and files to determine whether they are tainted by information from BPNC which should not, under the confidentiality agreement, be there.

A protective order should protect Impact from any wrongful use or disclosure by BPNC, just as the original confidentiality order, through this enforcement proceeding, will preserve and protect BPNC's interest in its proprietary information in the event that order is found to have been breached.

If the parties are not able to resolve the remaining discovery disputes after a good faith effort to do so, they shall file position statements regarding the remaining disputes by 3:00 p.m., Monday, February 13, 2006. Those disputes will be addressed and resolved at the hearing presently scheduled for the following day.

It is, accordingly,

ORDERED THAT:

1. Defendant's objections to this court's jurisdiction overruled, without prejudice;

2. Parties to enter into a protective order forthwith, or file their respective proposals by 3:00 p.m., February 13, 2006;

3

3. Parties to undertake in good faith to resolve remaining discovery disputes; in they event they are unable to do, they shall file position statements regarding any remaining disputes by 3:00 p.m., February 13, 2006.

So ordered.

>s/James G. Carr
> James G. Carr
> Chief Judge